cember, 1840, we consider as specific and unaffected by the agreement to pay damages; and the latter may be construed to embrace only such special damages, over and above the rents and profits, as might be sustained by the failure of the appellant to deliver possession when demanded.

The second error assigned is the exclusion of the deed from Jewell to Hadwin. The bond was a conditional agreement to convey to Hadwin, on a day specified. There was no proof offered that Hadwin had ever complied with the condition, and of course such a deed could not show an outstanding title.

Judgment affirmed.

---

### HILL & RAYMOND vs. JEWELL,

The facts of this case being similar to the preceding, the same order is made.

---

### BOONE COUNTY vs. JAMES S. LOWRY.

1. An officer cannot contradict the return of a writ made by him. A special return of facts shewing that he has discharged his duty will protect him. But in actions against him he will be confined to the facts stated in his return, and cannot shew another and different state of facts in his defence.

### ERROR to Boone Circuit Court.

TODD AND GORDON *for Plaintiff in error.*

POINTS AND AUTHORITIES.

The plaintiff insists to reverse the judgment:

1. That the officer is estopped by his return, and no evidence can be given by him to shew property levied on by him as debtors property belongs to a stranger. 5 Wend. Rep. 207; 2 J. J. Marshall, 26; 3 Marshall Rep. 412–393; 1 Litt. R. 17; 3 Litt. R. 41; 1 J. J. Marshall, 12; 6 Mass. R. 325; 15 Mass. R. 83; 9 Mass. R. 388; 3 Monroe R. 351; 2 Hen. and Menf. 105; 1 Litt. Rep. 16.